Melgar-Lopez v. Blanche

BIA
Ling, IJ
A220 996 666/667/668

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 17th day of July, two thousand twenty-six.

PRESENT:
> JOHN M. WALKER, JR.,
> STEVEN J. MENASHI,
> ALISON J. NATHAN,
> *Circuit Judges.*

_____

EDGAR YOVANI MELGAR-LOPEZ,
REBECA SARAHI CASTRO-RAMIREZ,
MATEO YOVANI MELGAR-CASTRO,
> *Petitioners,*

v.                                                          **24-491**
                                                            **NAC**
TODD BLANCHE, ACTING UNITED
STATES ATTORNEY GENERAL,
> *Respondent.*

_____

**FOR PETITIONERS:** Joshua Goldshlager, Esq., Glen Cove, NY.

**FOR RESPONDENT:** Brian Boynton, Principal Deputy Assistant Attorney General; Justin R. Markel, Senior Litigation Counsel; Virginia Lum, Trial Attorney, Office of Immigration Litigation, Civil Division, United States Department of Justice, Washington, DC.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioners Edgar Yovani Melgar-Lopez, Rebeca Sarahi Castro-Ramirez, and their minor child, natives and citizens of El Salvador, seek review of a January 29, 2024, decision of the BIA affirming a September 20, 2022, decision of an Immigration Judge ("IJ") denying asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Edgar Yovani Melgar-Lopez, et al.*, Nos. A220 996 666/667/668 (B.I.A. Jan. 29, 2024), *aff'g* Nos. A220 996 666/667/668 (Immig. Ct. N.Y. City Sept. 20, 2022). We assume the parties' familiarity with the underlying facts and procedural history in this case.

Where, as here, the BIA endorses the IJ's conclusion and emphasizes aspects of the IJ's decision, we review both opinions. *See Ming Xia Chen v. BIA*, 435 F.3d 141, 144 (2d Cir. 2006). We review fact-finding "under the substantial evidence

2

standard," and questions of law de novo. *Hong Fei Gao v. Sessions*, 891 F.3d 67, 76 (2d Cir. 2018). Substantial evidence review applies to "the agency's determination whether a given set of undisputed facts rises to the level of persecution." *Urias-Orellana v. Bondi*, 146 S. Ct. 845, 851 (2026). "[T]he administrative findings of fact are conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B).

**A. Asylum and Withholding of Removal**

An applicant for asylum and withholding of removal must establish either past persecution or a fear of future persecution and "that race, religion, nationality, membership in a particular social group, or political opinion was or will be at least one central reason for persecuting the applicant." 8 U.S.C. § 1158(b)(1)(B)(i); *see also* 8 C.F.R. §§ 1208.13(b), 1208.16(b); *Quituizaca v. Garland*, 52 F.4th 103, 105–06 (2d Cir. 2022). "[P]ersecution is an extreme concept that does not include every sort of treatment our society regards as offensive." *Mei Fun Wong v. Holder*, 633 F.3d 64, 72 (2d Cir. 2011) (quotation marks omitted). As to nexus, the protected ground "cannot be a minor, incidental, or tangential reason for the harm." *Garcia-Aranda v. Garland*, 53 F.4th 752, 757 (2d Cir. 2022). And where, as here, the fear is from private actors, the applicant must show that the government was and will be

3

"unable or unwilling to control" the perpetrators. *Singh v. Garland*, 11 F.4th 106, 114–15 (2d Cir. 2021) (quotation marks omitted).

Substantial evidence supports the agency's conclusion that Melgar-Lopez did not establish past persecution. *See Urias-Orellana v. Bondi*, 146 S. Ct. at 851. He argues that his past harm rose to the level of persecution because his life was threatened while a gun was put to his chest. "[U]nfulfilled threats alone rarely qualify as persecution." *K.C. v. Garland*, 108 F.4th 130, 135 (2d Cir. 2024) (quotation marks omitted). "To warrant a different conclusion, an applicant must adduce objective evidence that the threat was so imminent or concrete or so menacing as itself to cause actual suffering or harm." *Scarlett v. Barr*, 957 F.3d 316, 328 (2d Cir. 2020) (citations and quotation marks omitted). The agency reasonably concluded that the threat did not rise to this level; although Melgar-Lopez was threatened at gunpoint, the gang never acted on the threats or attempted to harm him or his family and the gang member who threatened him was killed a few months later. *See K.C.*, 108 F.4th at 135–37 (denying petition where claim of past persecution was based on repeated death threats). Melgar-Lopez contends that the agency erred in finding that he did not establish past persecution based on the anti-gang political opinion he espoused by refusing to join MS-13. This argument does not resolve

4

the dispositive issue that his past harm did not rise to the level of persecution, and generally, "refusing to join a gang without more does not constitute a political opinion." *Zelaya-Moreno v. Wilkinson*, 989 F.3d 190, 200–01 (2d Cir. 2021) (quotation marks omitted).

Because Melgar-Lopez did not establish past persecution, he had the burden to show a well-founded fear of future persecution. 8 C.F.R. § 1208.13(b). An applicant can establish a well-founded fear either by showing (1) a reasonable possibility that he would be "singled out individually for persecution" or (2) a "pattern or practice" of persecution of a group of "persons similarly situated to the applicant." *Id*. § 1208.13(b)(2)(iii). Only Melgar-Lopez's fear of future harm as a deportee is before us as he does not challenge the BIA's conclusion that he waived his other proposed social groups on appeal. *See Prabhudial v. Holder*, 780 F.3d 553, 555–56 (2d Cir. 2015) (holding that "review is limited to whether the BIA erred in deeming the argument waived"). Melgar-Lopez does not challenge the agency's determination that he failed to show he would be singled out individually for persecution. *See Debique v. Garland*, 58 F.4th 676, 684 (2d Cir. 2023) ("We consider abandoned any claims not adequately presented in an appellant's brief, and an appellant's failure to make legal or factual arguments constitutes

5

abandonment." (quotation marks omitted)). Accordingly, we address only his pattern-or-practice claim.

The IJ concluded that there was insufficient evidence of a pattern or practice of persecution of deportees, pointing out that Melgar-Lopez was not similarly situated to some deportees discussed in his country conditions evidence because he did not have tattoos. Melgar-Lopez argues that the IJ failed to consider that deportees without tattoos had also been targeted. But even assuming that Melgar-Lopez is similarly situated to the deportees described in his country conditions evidence, the record does not establish a pattern or practice of *persecution* because he has not established that group membership is the reason deportees are targeted. Melgar-Lopez does not identify evidence that gangs are targeting deportees because of animus towards the group rather than for general criminal motives based on the resources they are perceived to have. *See Paloka v. Holder*, 762 F.3d 191, 196–97 (2d Cir. 2014) ("Whether the requisite nexus exists depends on the views and motives of the persecutor." (quotation marks omitted)); *Melgar de Torres v. Reno*, 191 F.3d 307, 314 (2d Cir. 1999) (holding that "general crime conditions" are not a protected ground for asylum and withholding of removal).

In sum, substantial evidence supports the agency's conclusion that Melgar-

6

Lopez failed to establish either past persecution or a well-founded fear of future persecution. These findings are dispositive of asylum and withholding of removal, and we need not reach the agency's alternative conclusion regarding the government's willingness and ability to protect citizens from gang violence. *See INS v. Bagamasbad*, 429 U.S. 24, 25 (1976) ("As a general rule courts and agencies are not required to make findings on issues the decision of which is unnecessary to the results they reach.").

**B. CAT Relief**

To obtain CAT relief, an applicant must show that he will "more likely than not" be tortured by or with the acquiescence of government officials. *See* 8 C.F.R. §§ 1208.16(c)(2), 1208.17(a). "[A]n alien will never be able to show that he faces a more likely than not chance of torture if one link in the chain cannot be shown to be more likely than not to occur. It is the likelihood of all necessary events coming together that must more likely than not lead to torture, and a chain of events cannot be more likely than its least likely link." *Savchuck v. Mukasey*, 518 F.3d 119, 123 (2d Cir. 2008) (quotation marks omitted).

The agency found that Melgar-Lopez's fear of torture was speculative and that he had not shown acquiescence because he had not reported the past threat to

7

the police, and country conditions evidence revealed corruption but not that the Salvadoran government would acquiesce to torture by gang members. Melgar-Lopez argues that the agency did not consider that his "mother was arrested . . . and her whereabouts [we]re unknown." He argues that this demonstrates that "the government is willing to persecute or torture" and states he will be targeted as "part of his mother's immediate family." But he presented no evidence to support that assertion as he initially alleged that his mother was arrested after she gave gang members food from her store, and he did not allege that other family members had been similarly targeted. *See Savchuck*, 518 F.3d at 123.

For the foregoing reasons, the petition for review is DENIED. All pending motions and applications are DENIED and stays VACATED.

FOR THE COURT:
Catherine O'Hagan Wolfe,
Clerk of Court